United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN IRVING MOSS, | No C 10-1734 VRW |
| Plaintiff, | |
| v | ORDER TO SHOW CAUSE |
| THE BANK OF NEW YORK TRUST COMPANY, AND DOES 1-50, INCLUSIVE, | |
| Defendants. | |
| _____/ | |

After plaintiff Alan Irving Moss filed a complaint in San Mateo County superior court against defendant the Bank of New York Trust Company ("BONYT"), Doc #1 at 21, BONYT removed the above-captioned action to this court on April 22, 2010. Doc #1. BONYT then filed, on May 14, 2010, a motion to dismiss plaintiff's complaint under FRCP 12(b)(6) and 9(b). Doc #5. Plaintiff, in opposition to BONYT's motion, argues that BONYT's motion is untimely under FRCP 81(c). Doc #7 at 8-10. Defendant failed to

file a reply to plaintiff's memorandum in opposition.

FRCP 81(c) provides:

(1) Applicability. These rules apply to a civil action after it is removed from state court.
(2) Further pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
(A) 21 days after receiving —— through service or otherwise —— a copy of the initial pleading stating the claim for relief;
(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
(C) 7 days after the notice of removal is filed.

FRCP 81(c).

Filings on record in this case indicate that BONYT had received plaintiff's complaint on or before April 22, 2010. See Doc #1, Exh 1 (containing state court complaint). Furthermore, although BONYT has not been formally served in this matter, by removing this case and not challenging service of process in its motion to dismiss BONYT appears to have appeared voluntarily in this action; thus, the issue of service has apparently been waived. See, e g, <u>Jackson v Hayakawa</u>, 682 F2d 1344, 1347 (9th Cir 1982). Therefore, pursuant to FRCP 81(c), it appears that BONYT had no later than May 12, 2010 to file its motion to dismiss (21 days after filing its April 22, 2010 motion). See Doc #7 at 10. By filing its motion on May 14, BONYT failed to file timely.

For the above reasons, the court therefore ORDERS BONYT TO SHOW CAUSE why its motion to dismiss should not be denied as untimely. In its ten-page response, which shall be filed on or before Wednesday June 16, 2010 at 5PM, BONYT should discuss why, in light of the fact that FRCP 81(c) is a rule concerning requirements upon removal and because removal requirements are to be read

2

strictly, see, e g, <u>Gaus v Miles, Inc</u>, 980 F2d 564, 566 (9th Cir 1992), this case should not be remanded to state court.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge