IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALAN IRVING MOSS,

    Plaintiff,

v.

BANK OF NEW YORK TRUST,

    Defendant.

                              /

No. C 10-01734 JSW

**ORDER GRANTING MOTION FOR REMAND**

This matter comes before the Court upon consideration of the motion for remand filed by Defendant Bank of New York Trust ("BONYT"). The Court finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 29, 2012 is HEREBY VACATED. Having considered the parties' papers, relevant legal authority, and the record in this case, the Court GRANTS BONYT's motion to remand to the Superior Court of San Mateo County.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v.*

1  *Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d
2  564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the
3  right of removal in the first instance."  *Gaus*, 980 F.2d at 566.
4      BONYT removed this action on the basis of diversity jurisdiction but now has clarified
5  that its principal place of business is in California.  Therefore, to the extent Plaintiff intended to
6  and is suing BONYT, as opposed to BONYT's parent company, the Bank of New York Mellon
7  Corporation, diversity jurisdiction is lacking.
8      Plaintiff's claims concern the trustee sale of property that he alleges that he owned until
9  May 2009.  BONYT is the entity which acquired the property at issue at the trustee's sale.
10 Thus, to the extent Plaintiff has any valid claims, such claims would be against BONYT.  The
11 Court does not have jurisdiction to hear such claims based on the lack of diversity.
12 Accordingly, the Court HEREBY GRANTS BONYT's motion for remand.  The Clerk shall
13 remand this case to the Superior Court of San Mateo County forthwith.
14     **IT IS SO ORDERED.**

16 Dated: June 26, 2012

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN I.MOSS, | Case Number: CV10-01734 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| BANK OF NEW YORK TRUST et al, | |
| Defendant. / | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan Irving Moss
P.O. Box 721
Moss Beach, CA 94038

Dated: June 26, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk